## TINSLEY v. DANUBE OIL CORPORATION.

### No. 4912.

Court of Civil Appeals of Texas. Amarillo.

May 30, 1938.

Rehearing Denied Sept. 12, 1938.

Griffin & Morehead, of Plainview, for appellant.

P. B. Randolph, of Plainview, for appellee.

JACKSON, Chief Justice.

This suit was instituted in the District Court of Hale County by the appellee, Danube Oil Corporation, against the appellant, W. B. Tinsley, on a verified account to recover a balance of $1,076.77 for gasoline sold by appellee to appellant.

The appellant answered by general denial, controverted under oath the verified account of appellee, and alleged by way of cross-action that he was engaged at plainview, Texas, in the sale of gasoline and had an established business, all of which was known to appellee; that about September 25, 1936 Mr. R. C. Sowder, the agent of appellee, solicited the business of appellant and represented that the gasoline he was offering for sale was manufactured by appellee and was a first class white gasoline, as good as any in the market, and guaranteed it to be above grade and quality and promised if it did not satisfy the customers of appellant that appellee would refund to him the price paid therefor; that appellant relied on these representations and purchased the gasoline, but it was not first class white gasoline, did not give satisfaction to the customers of appellant; that the total market value of the gasoline delivered did not exceed $400. He alleged his sales in gallonage and gross receipts for October, November and December in 1935 and for the same months

in 1936, and claimed that the decrease therein was due to the quality of the gasoline he had purchased from appellee. He prayed that the debt claimed against him by appellant be cancelled and he recover the sum of $1,500, the difference between the value of the gasoline as warranted and represented and the value as it actually was.

He also sought a recovery for loss of profits which he alleged amounted to $3,000 and prayed in addition that the agreement of appellee to refund the purchase money of the gasoline be enforced.

At the close of the testimony the court directed a verdict in behalf of the appellee and the appellant prosecuted this appeal.

By numerous assignments the appellant complains of the ruling of the court to the effect that he failed to show that R. C. Sowder, the agent, had the authority to bind appellee by his representations and warranties as to the quality of the gasoline or guarantee the refund of the purchase price if the gasoline proved unsatisfactory to appellant's customers. He also complains of the action of the court in sustaining an exception to his allegation that the gasoline purchased did not exceed in value $400 and in excluding testimony of the value thereof, and in refusing to submit to the jury the issue of whether appellant was entitled to have the debt sued for cancelled and to recover the difference between the value of the gasoline as warranted and the actual market value thereof.

The record discloses without dispute that appellant received from appellee 25,330 gallons of gasoline for which he agreed to pay 9⅝¢ per gallon, including the tax to the State and Federal Government; that a balance of $1,076.77 of the total price had not been paid; that he sold a part of this gasoline to his customers at a wholesale price of 12¢ per gallon and a part of it at a retail price of 15¢ per gallon, some for cash and some on account, but the amount sold for cash or on account or the amount used on his farm are not disclosed; that none of the customers who had purchased this gasoline had demanded a refund of the money paid or a cancellation of their account and no refund of cash had been made to any customer and no account had been cancelled, and there is no contention that the accounts outstanding, if any, were not collectable.

Should we concede that the assignments urged present error, in the light of this record, it should be held harmless since the appellant had and retained either in cash or bills presumably collectable the price for which he had sold the gasoline and although it might have been of inferior quality, he failed to show any damage because thereof and was not entitled to have the debt cancelled. The testimony indicates that at the time of the trial he had and retained the difference between what he paid and what he received for the gasoline, less operating expenses, as a profit.

The appellant, by several assignments, challenges the action of the court in directing a verdict against him on the issue of lost profits, contending that the pleading and testimony presented an issue for the jury to determine as to whether or not he had suffered damages by a decrease in sales occasioned by the poor quality of gasoline he had purchased from appellee and sold to his customers, and if so, the amount thereof.

The appellant's testimony shows that he kept no books until advised by the State about October 27, 1936 that this was necessary. The data upon which he based his testimony was inaccurate and undependable. He says that the cash receipts from his business, including the sale of oil, other by-products and gasoline in October, 1936 amounted to $3,610.58; for November, $1,833.59; that the cash receipts received for products in October, 1935, were $2,497.43; that the gross receipts for November, 1935 were $2,823.29. His testimony discloses that some of his sales were for cash and some on account; that the cash receipts included the cash taken in in the month specified as well as the cash collected on accounts. The record fails to disclose the amount of sales made on credit and the amount made for cash any month or the amount he used on his farm. The operating expenses per month, he says, are only an estimate; the evidence fails to show what proportion of the gasoline he purchased from appellee was of poor quality. During the period he handled the gasoline of appellee he purchased and sold to these same customers an undisclosed amount of gasoline he purchased from other companies; that while some of his customers quit trading with him, they had all returned with the possible exception of one. The testimony is uncontroverted that accord-

ing to the tests made by experts the gasoline was first class third grade fuel and the greater portion thereof was the quality and grade appellee contracted to sell to appellant.

In our opinion, the testimony is insufficient to show with the necessary degree of certainty required that appellant was damaged by the character of the gasoline he purchased from appellee and that the testimony of loss of profits was too conjectural, uncertain and indefinite to require the court to submit such issue to the jury. The judgment, therefore, is affirmed.